**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

STEADFAST INSURANCE COMPANY,

    Plaintiff,

v.                                                      Case No. 06-CV-15537-DT

NATIONAL ABSTRACT AGENCY, et al.

    Defendants.
                                               /

**OPINION AND ORDER DIRECTING PLAINTIFF TO
SUBMIT EVIDENCE OF DAMAGES UNDER SEAL**

On September 25, 2007, the court entered an order granting Plaintiff Steadfast Insurance Company's ("Steadfast's") "Motion for Summary Judgment." The court held that, "[t]o the extent that National and/or Harris are legally obligated to pay damages based on Harris's improper transfer and commingling of funds, those damages are not covered by the policy, and Steadfast is entitled to be reimbursed for costs incurred in defending National and Harris." (9/25/07 Order at 17.) Accordingly, on October 9, 2007, Steadfast filed its "Motion to Determine Amount of Defense Fees and Costs," seeking reimbursement in the amount of $34,561.12, and noting that additional invoices in the amount of $41,031.47 had been submitted to it and are pending approval. (Pl.'s Mot. at 1-2.) Although Steadfast provided a sufficiently detailed itemization of its costs, it did not do so with respect to its attorneys' fees, mediator fees or expert witness fees. Rather, it claimed that its invoices contained privileged information, but that it would provide them for *in camera* review upon the court's request.

In order to properly evaluate the reasonableness of Steadfast's fee claim, the court needs additional information from Steadfast. First, Steadfast provides no information regarding the individuals who performed the work at issue. The court would find helpful – and it would conform with the court's experience in numerous similar circumstances – if Steadfast provided a brief description of each individual's background to aid the court in determining whether their hourly rate is reasonable.

Second, the court requires a more detailed description of the hours and the dates upon which the fees were incurred, along with a description of the work performed (e.g., attorney Smith worked on drafting a motion for summary judgment for 2.2 hours on June 5, 2007). Each activity should correspond to the date(s) involved and the number of hours spent on that specific activity. The typical, although not required, format for presenting the necessary information is a timelog-type format, containing columns for (1) the date, (2) hours worked for each particular activity, (3) a description of the work performed and (4) the name, title and hourly rate of the individual who performed the work. To the extent that such information is privileged, as Steadfast alleges, Steadfast is directed to file the information under seal. Accordingly,

IT IS ORDERED that Steadfast SUBMIT UNDER SEAL an itemization of its damages and detailed supporting documentation in accordance with this order, on or before **November 14, 2007.** Should Defendants National Abstract Agency, Inc. and

Edward Harris wish to file objections to Steadfast's itemization of damages, they must do so on or before **November 21, 2007.**

        s/Robert H. Cleland  
        ROBERT H. CLELAND  
        UNITED STATES DISTRICT JUDGE

Dated: November 7, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 7, 2007, by electronic and/or ordinary mail.

        s/Lisa G. Wagner  
        Case Manager and Deputy Clerk  
        (313) 234-5522