**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

STEADFAST INSURANCE COMPANY,

    Plaintiff,

v.                                                  Case No. 06-CV-15537-DT

NATIONAL ABSTRACT AGENCY, et al.

    Defendants.
                                        /

**OPINION AND ORDER GRANTING PLAINTIFF'S OCTOBER 9, 2007 MOTION
AND AWARDING DAMAGES**

On September 25, 2007, the court entered an order granting Plaintiff Steadfast Insurance Company's ("Steadfast's") "Motion for Summary Judgment." The court held that, "[t]o the extent that National [Abstract Agency ("National")] and/or [Edward T.] Harris are legally obligated to pay damages based on Harris's improper transfer and commingling of funds, those damages are not covered by the policy, and Steadfast is entitled to be reimbursed for costs incurred in defending National and Harris." (9/25/07 Order at 17.) Accordingly, on October 9, 2007, Steadfast filed its "Motion to Determine Amount of Defense Fees and Costs," seeking reimbursement in the amount of $34,561.12, and noting that additional invoices in the amount of $41,031.47 had been submitted to it and are pending approval. (Pl.'s Mot. at 1-2.) Pursuant to the court's November 7, 2007 order, Steadfast provided an itemization of damages and additional documentation, under seal, on November 14, 2007.

In its November 14, 2007 filing, Steadfast asserts that it has incurred defense fees and costs in the amount of $62,200.62. Further Steadfast contends that two

additional invoices, totaling $10,719.50, have been submitted for approval. Steadfast therefore seeks reimbursement for defending National and Harris[1] in the total amount of $73,020.12. The court's November 7, 2007 order allowed National and Harris until November 21, 2007 to file objections to the itemization of damages, but no objections have been filed.

The court has reviewed Steadfast's November 14, 2007 filing and finds that its claimed costs are sufficiently supported by the submitted documentation.[2] National and Harris have not objected to the itemization and, indeed, the court determines that the claimed costs and fees are not unreasonable.[3] Accordingly,

IT IS ORDERED that Steadfast's October 9, 2007 "Motion to Determine Amount of Defense Fees and Costs" [Dkt. # 32] is GRANTED. An amended judgment will be entered against National and Harris in the total amount of $73,020.12.

s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: December 7, 2007

---

[1] The court agrees with Ticor Title Insurance Company ("Ticor") that it is not responsible for costs incurred by Steadfast in defending National and Harris. (*See* Ticor's 10/23/07 Am. Resp. at 3.) These costs arise solely out of the contractual relationship between Steadfast, National and Harris. Indeed, even Steadfast itself does not seek costs from Ticor. (Steadfast's Reply at 1.)

[2] Although two of the invoices have not yet been paid, Steadfast is nonetheless obligated to pay for the rendered services. Thus, the court finds that these yet-to-be paid amounts are "costs incurred in defending National and Harris." (9/25/07 Order at 17.)

[3] While at least one of the submitted hourly rates appears a little high, the vast majority of the hourly rates are well below the average hourly rate in this legal market. The total amount of fees, therefore, is not unreasonable.

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 7, 2007, by electronic and/or ordinary mail.

                                                  s/Lisa G. Wagner
                                                  Case Manager and Deputy Clerk
                                                  (313) 234-5522